IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

05 FEB 14 A 11: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

PATRICIA A. LATHAM,

    Plaintiff,

vs.

MINNESOTA LIFE INSURANCE
COMPANY,

    Defendant.

)
)
)
)
)
)
)
)
)

Case No.:

## NOTICE OF FILING NOTICE OF REMOVAL

To:    Marc R. Deshaies
       BBO#550198
       388 County Street
       New Bedford, MA 02740

PLEASE TAKE NOTICE that the Defendant Minnesota Life Insurance Company

has caused to be filed the attached Notice of Removal with the Clerk of the United States

District Court for the District of Massachusetts and a copy of all records and proceedings

had in the District Court Department of the Trial Court for the Commonwealth of

Massachusetts, Lowell Division, with respect to this action.

DATED: February 11th 2005

                MINNESOTA LIFE INSURANCE COMPANY

                By: _____
                      One of its Attorneys

John D. Shea
BBO 600652
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000
Fax:   (215) 665-2013
E-Mail: JShea@Cozen.com
C:\temp\MetaSave\Notice of Filing Notice of Removal_v1.DOC

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the foregoing Notice of Filing Notice of Removal was served via overnight mail of the 11th day of February 2005, on the following counsel of record:

Marc R. Deshaies
BBO#550198
388 County Street
New Bedford, MA 02740
508.996.8921

FILED
IN CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS A 11: 28

05  10294 RWZ

U.S. DISTRICT COURT
DISTRICT OF MASS.

PATRICIA A. LATHAM,
　　　　　　Plaintiff,

vs.

MINNESOTA LIFE INSURANCE
COMPANY,
　　　　　　Defendant.

)
)
)
)
)
)
)
)
)
)

Case No.:

MAGISTRATE JUDGE ____

RECEIPT # 62087
AMOUNT $____
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK.____
DATE ____

## NOTICE OF REMOVAL

　　　　Pursuant to 28 U.S.C. § 1331, 1441, and 1446, Defendant Minnesota Life Insurance Company ("Minnesota Life"), removes this action from the District Court Department of the Trial Court for the Commonwealth of Massachusetts, Lowell Division, to the United States District Court for the District of Massachusetts on the following grounds:

　　　　1.　　Plaintiff filed a Complaint against Minnesota Life in the District Court Department of the Trial Court for the Commonwealth of Massachusetts, Lowell Division, which is now pending under Docket No. 0411CV2212. A copy of said Complaint is attached hereto as Exhibit A.

　　　　2.　　Defendant Minnesota Life received a copy of the Petition on January 18, 2005, and thirty (30) days have not yet expired since the action became removable to this Court.

　　　　3.　　Plaintiff's action seeks recovery of benefits under a life insurance policy issued by Minnesota Life to Stephen W. Latham. In addition to her claim for breach of contract, Plaintiff claims that Minnesota Life engaged in unfair settlement practices thereby violating Massachusetts consumer protections laws.

　　　　4.　　This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between parties, as Plaintiff is a citizen and resident of

Middlesex County, Massachusetts and Defendant Minnesota Life is a Minnesota corporation with its principal place of business in Minnesota. The amount in controversy exceeds the sum of $75,000 exclusive of interests and costs, but including the amount of benefits sought, as well as treble damages and attorneys fees under M.G.L. c.93A.

5.    Written notice of filing of this Notice of Removal is being served on this date upon Plaintiff's counsel of record.

6.    Defendant Minnesota Life contemporaneously has filed a true and correct copy of this Notice of Removal with the Clerk of the District Court Department of the Trial Court for the Commonwealth of Massachusetts, Lowell Division.

7.    Defendant Minnesota Life's desire to remove this action to the United States District Court for the District of Massachusetts is provided by law.

DATED: February 11, 2005.

Respectfully Submitted,

MINNESOTA LIFE INSURANCE COMPANY

By: _____
    One of its Attorneys

John D. Shea
BBO 600652
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000
Fax:    (215) 665-2013
E-Mail: JShea@Cozen.com

C:\temp\MetaSave\Notice of Removal_v1.DOC

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the foregoing Notice of Removal was served via overnight mail of the 11th day of February 2005, on the following counsel of record:

Marc R. Deshaies
BBO#550198
388 County Street
New Bedford, MA 02740
508.996.8921

# Commonwealth of Massachusetts
## District Court Department of The Trial Court
### Lowell Division
41 Hurd Street
Lowell, Massachusetts 01852
(978) 459-4101   Fax: 978-937-2486

Middlesex                    ,ss                    Civil Action No:        0411CV2212

Patricia A. Latham
      **Plaintiff**

v.

The Minnesota Life Insurance Company
      **Defendant**

**Atencion**
Esta es una notificacion oficial de la corte.
Si usted no sabe leer ingles, obtenga traduccion.

## SUMMONS
(Rule 4)

To defendant   **The Minnesota Life Insurance Company** of   **400 Robert Street., St. Paul Minne**
                                    (name)                                  (address)

You are hereby summoned and required to serve upon   **Marc R. Deshaies, Esquire**   , plaintiff('s attorney), whose address is   **Perry, Hicks, Crotty and Deshaies, LLP 388 County Street, New Bedford,MA 02740**   , a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter.  If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint.  You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS   **Neil J. Walker**   ,Presiding Justice, on   **November 23, 2004**
                                                                       (date)

(SEAL)

                                                 Clerk/Magistrate

Note:  1) When more than one defendant is involved, the names of all defendants should appear in the action.  If a separate summons is used for each defendant, each should be addressed to the particular defendant.

        2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

**RECEIVED**
JAN 1 3 2005
DIVISION OF INSURANCE
LEGAL DIVISION

## RETURN OF SERVICE

On   **JAN 1 3 2005**   , I served a copy of the within summons, together with a copy of the
      (date of service)
complaint in this action upon the within-named defendant, in the following manner (see Rule 4 (d) (1-5)):

First Class USPS To
Minnesota Life Insurance Company
400 North Robert Street
St Paul, MN 55101-2098

                                  (signature)
                            Admin Asst. - DOI
                            (name and title)
                          One South Station
                            (address)
                            Boston MA 02110

Note:  1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service.  Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process.  Rule 4(f).

        2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.

        3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, sec 31).

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

DISTRICT COURT DEPARTMENT
LOWELL DIVISION
DOCKET NO. _0411CV2212_

| | |
|---|---|
| PATRICIA A. LATHAM,<br>Plaintiff | * |
| | * |
| | * |
| vs. | * |
| | * |
| THE MINNESOTA LIFE | * |
| INSURANCE COMPANY, | ± |
| Defendants | * |
| | * |

**COMPLAINT**

## PRELIMINARY STATEMENT

Patricia A. Latham brings this action against The Minnesota Life Insurance Company ("Minnesota Life") to enforce payment of the proceeds of a life insurance contract on the life of Stephen W. Latham. Patricia A. Latham is the sole beneficiary of the contract for insurance on the life of Stephen W. Latham. Stephen W. Latham completed the life insurance application of the Aircraft Owners and Pilots Association and underwritten by Minnesota Life in good faith and submitted for it to Minnesota Life for consideration. Minnesota Life issued a Certificate of Insurance to Stephen W. Latham. Minnesota Life has repeatedly denied payment of Patricia A. Latham's claim on the ground that if additional information would have been available to Minnesota Life they would have declined coverage. Minnesota Life fails to advanced in its denial any evidence that the statements in Mr. Latham's application for insurance were willfully false, fraudulent or misleading.

## PARTIES

1.  Plaintiff, Patricia A. Latham ("Mrs. Latham") in an individual who resides at 15 McHugh Avenue in Billerica, Massachusetts.

2.  Defendant, The Minnesota Life Insurance Company ("Minnesota Life") is a Minnesota Mutual Life Insurance Company with a usual place of business at 400 Robert Street, St. Paul, Minnesota.

## FACTS

3.  On March 24, 1999, Stephen W. Latham ("Mr. Latham") submitted an application for insurance from the Aircraft Owners and Pilots Association and underwritten by Minnesota Life to Minnesota Life for a $25,000 life insurance policy on his life. A copy of that application is attached hereto as Exhibit "A".

4. The life insurance application annexed hereto as Exhibit "A" requested Mr. Latham answer four (4) questions regarding his health: (1) did he have a valid Airmen's Medical Certificate; (2) had he consulted a physician within the last three years for any reason; (3) whether he used tobacco; and (4) had he ever been treated for a number of medical conditions. Mr. Latham answered the questions no, yes, no and yes respectively.

5. Mr. Latham's application clearly disclosed the name and address of his primary care physician who had been treating him for hypertension for a period of time commencing prior to the date he signed his application for insurance to be underwritten and insured by Minnesota Life.

6. Mr. Latham completed his application in good faith disclosing that he had been consulting a physician or been hospitalized within three years of his application and that he also had been treated for any number of medical conditions.

7. Mr. Latham's application contained a thirty (30) month medical records release authorization for the benefit of Minnesota Life to determine Mr. Latham's insurability.

8. Minnesota Life approved Mr. Latham's application for life insurance on or about April 28, 1999.

9. Minnesota Life issued a Certificate of Insurance bearing a policy number 23344-002-626007 in response to Mr. Latham's application (the "Policy"). Mr. Latham commenced paying premiums on the policy and did so during his life. The face amount of the policy is $25,000. A copy of the policy is attached hereto as Exhibit "B".

10. Minnesota Life issued the Policy on the life of Stephen W. Latham without requiring a medical examination of Mr. Latham.

11. Minnesota Life has contested its obligation to pay death benefits on the life of Mr. Latham to Mrs. Latham because his death occurred within two years of the policy's issuance.

12. Mrs. Latham is the sole beneficiary under the Policy.

13. Mr. Latham died on September 11, 2000.

14. Mrs. Latham submitted a claim for death benefits on the policy by claim dated September 23, 2000.

15. Minnesota Life denied the claim on November 28, 2000, and sent Mrs. Latham a check in the amount of $171.00 for reimbursement for premium paid on the Policy. A copy of the denial is attached hereto as Exhibit "C".

16. Mrs. Latham, through counsel, returned the premium check to Minnesota Life thereby reserving her right to contest Minnesota Life's denial of her claim for death benefits. A copy of said tender by Minnesota Life of its premium reimbursement is attached hereto as Exhibit "D".

17. Minnesota Life's denial of Mrs. Latham's claim for death benefits is based on the fact, that if Mr. Latham had provided additional medical information to them in his application appended hereto as Exhibit "A", Minnesota Life would have declined coverage.

18. Minnesota Life failed to utilize the medical authorization release executed by Mr. Latham in his said application until after his death; notwithstanding the fact that his application disclosed that he had been hospitalized and treated by a physician within 3 years of his application for any number of medical conditions and provide the insurer with his physician's name and address.

19. Minnesota Life failed to medically examine Mr. Latham to determine his insurability notwithstanding the answers he provided on this application that directly bear on his insurability.

20. Minnesota Life has failed to assert that any statements made in Mr. Latham's application were willfully false, fraudulent or misleading.

21. Mrs. Latham reasserted her claim for the payment of the death benefits under the Policy, when her counsel made a demand for payment in a Chapter 93A demand letter dated August 6, 2004. A copy of that demand is attached hereto as Exhibit "E".

22. Minnesota Life has failed to respond to Mrs. Latham's demand for payment as set forth in the August 6, 2004 Chapter 93A demand letter referred to in the preceeding paragraph.

## COUNT I
## Breach of Contract

23. Plaintiff, Patricia A. Latham repeats the allegations set forth in paragraph 1 through 22 as though the same were fully set forth herein.

24. Mr. Latham tendered performance under the contract for the life insurance policy on his life by paying the premium on that policy.

25. Minnesota Life has breached the contract by refusing to pay the death benefit claim to Patricia A. Latham.

Wherefore, Plaintiff prays that this Court:

a. Enter judgment against Defendant, Minnesota Life, in the amount of $25,000 plus interest, together with costs and attorney fees; and

b.   Grant Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II
## M.G.L. c.93A

26.   Plaintiff, Patricia A. Latham, repeats the allegations contained in paragraph 1 through 22 as though the same were fully set forth herein.

27.   Mrs. Latham sent a demand letter in accordance with M.G.L. c.93A to Minnesota Life in the form attached hereto as Exhibit "E".

28.   Minnesota Life failed to respond or make an offer of settlement in response to Mrs. Latham's M.G.L. Chapter 93A demand letter.

29.   Minnesota Life has engaged in unfair claims settlement practices under G.L.c.176D §3(9) by failing to effect prompt, fair and equitable settlements in claims in which liability has become clear and by compelling that litigation be commenced to recover amounts due under an insurance policy.

30.   Minnesota Life's unfair settlement practices are violations of the Massachusetts Consumer Protection Law, M.G.L. c.93A

Wherefore, Plaintiff, Patricia A. Latham, prays that this Court:

a.   Enter judgment in the amount of $25,000 against Defendant, Minnesota Life, and in addition to actual damages, award Plaintiff treble damages plus interest, costs of this suit and attorney's fees.

b.   Grant Plaintiff such other and further relief as this Court deems just and proper.

The Plaintiff demand a trial by jury.

Plaintiff,
Patricia A. Latham,
By Her Attorney,

Marc R. Deshaies, Esquire BBO#550198
Perry, Hicks, Crotty & Deshaies, LLP
388 County Street
New Bedford, MA  02740
508-996-8291

Dated: November 22, 2004

*"A"*

# Aircraft Owners and Pilots Association

## Quarterly Cost For Each $50,000

Rates are double if you don't have a valid Airman's Medical Certificate

| | Under 35 | 35-39 | 40-44 | 45-49 | 50-54 | 55-59 | 60-64 |
|---|---|---|---|---|---|---|---|
| Tobacco | $49.50 | $62.50 | $88.50 | $114.50 | $153.50 | $218.50 | $309.50 |
| Non-Tobacco | $24.50 | $31.00 | $44.00 | $57.00 | $76.50 | $109.00 | $154.50 |

**DUPLICATE**

### It's Easy To Apply!

1) Complete your personal application form below. If spouse coverage is desired, be sure your spouse completes the application on the reverse side.

2) Mail your application in the envelope provided.

3) If you elect premium payments by credit card, be sure to write your card number on your application.

4) If you have further questions regarding this insurance, call toll-free 1-888-TRY-AOPA (879-2672).

**NAME AND ADDRESS**
STEPHEN W LATHAM
823 BROCK AVE
NEW BEDFORD MA 02744-2350

---

Please type or print all information    **Member Application**    **626007**
Underwritten by Minnesota Mutual Life

**SELECT THE INSURANCE PLAN YOU WANT:**
☒ $25,000 ☐ $50,000 ☐ $75,000 ☐ $100,000 ☐ $200,000 ☐ $250,000 ☐ Other

| BIRTHDATE | HEIGHT | WEIGHT | OCCUPATION | TELEPHONE NO. | POLICY NUMBER |
|---|---|---|---|---|---|
| DAY 08 MO 14 YR 50 | 5'10" | 220 | FUNERAL DIRECTOR | (970) 663-4421 | 23344-002 |

| BENEFICIARY | RELATIONSHIP | MEMBERSHIP NUMBER |
|---|---|---|
| PATRICIA A. YOUNG | FIANCEE | 009721090-0 |

☒ **DIRECT BILLING**
Please bill ☒ Quarterly ☐ Semi-annually ☐ Annually

☐ **CREDIT CARD** (monthly only)
Charge to my ☐ AOPA VISA ☐ AOPA MASTERCARD
☐ VISA ☐ MASTERCARD

| Policy Anniversary | EFFECTIVE DATE | CREDIT CARD ACCOUNT NO. | EXPIRATION DATE |
|---|---|---|---|
| JUNE- | JUNE-1-1999 | | |

Credit card billing is not available in Alabama.

☐ Yes ☒ No  1. Do you currently have a valid Airman's Medical Certificate?

☒ Yes ☐ No  3. During the last three years, have you been hospitalized or have you consulted a physician or other health care provider for any reason?

☐ Yes ☒ No  2. During the past 12 months, have you used tobacco in any form?

☒ Yes ☐ No  4. Have you ever been treated for or advised that you had any of the following: heart, lung, or nervous system disorders; high blood pressure; drug abuse including alcohol; cancer; or tested positive for antibodies to the AIDS virus; disorder of your immune system disorder?

† If your answer to #3 or #4 is yes, give the dates, reason for consultation, nature and address of doctor and/or health care provider. Indicate if known, and the treatment below.

10/97 - SCOTT J. HENDERSON MD 490 HASTINGS FT. SMITH DARTMOUTH MA 02747 - HYPERTENSION

The answers above are true and complete to the best of my knowledge and belief. To determine my insurability, I authorize any medical professional or institution, insurance company or the Medical Information Bureau to give any information about my physical and mental health, including alcohol or drug abuse, or underwriting claims, medical or other representatives of The Minnesota Mutual Life Insurance Company ("Company"), St. Paul, Minnesota 55101-2098.

This authorization shall be valid for 30 months from the date this application is signed. A photocopy shall be as valid as the original. I have read this authorization and the Consumer Privacy Notice which was provided, and understand I may receive copies. The Company shall incur no liability until this authorization is approved and the first premium is paid while my health and other conditions affecting my insurability are unchanged on the application. By signing below, I apply for this insurance and agree to the terms of the Credit Card Authorization on the reverse side. I understand that this may be on file maintained in connection with this coverage to the sponsor of this plan and/or its affiliates or designates.

| SIGNATURE OF APPLICANT | DATE |
|---|---|
| X Stephen W. Latham | 3 / 24 / 99 |

Spouse Application on reverse side.

After you have completed the application, please fold and insert it into the envelope provided.

**APPROVED JW**
**APR 2 8 1999**

ATTN LC-3752
AOPA MEMBERS LIFE INSURANCE PLAN
400 ROBERT ST N
ST PAUL MN 55101-9988

# MINNESOTA MUTUAL

**"B"**

**CERTIFICATE OF INSURANCE**

The Minnesota Mutual Life Insurance Company ● 400 Robert Street North ● St. Paul, Minnesota 55101-2098 ● 1-800-252-5152

23344–002–626007

**DUPLICATE**

STEPHEN W LATHAM
15 MCHUGH AVE
BILLERICA MA 01821

## TABLE OF CONTENTS

| | | |
|---|---|---|
| Definitions | 2 | Payment of Proceeds ........... 3 |
| General Information | 2 | Beneficiary ........... 3 |
| Death Benefit | 2 | Termination ........... 4 |
| Death Benefit Reduction and Exclusions | 2 | Conversion Privilege ........... 4 |
| Premiums | 3 | Additional Information ........... 4 |

**GROUP LEVEL TERM LIFE INSURANCE ● INCREASING PREMIUMS**

Ed. F 5188 Rev. 11-1988

Reformat 8-84
Minnesota Mutual 1

BB-2045T Rev. 12-85

## Premiums

### How often are premiums payable?

You are required to pay premiums annually, semi-annually, quarterly or by any other method mutually agreeable to you and us. The first premium is due and payable in advance of the effective date. All premiums after the first are then due on or before each succeeding due date. Premiums must be mailed to us at our home office or paid to our authorized agent.

### How are your premiums computed?

Your premiums under this certificate are computed on the anniversary date of your insurance. Your age is used to determine the premium rate as shown in the following Table of Premiums. The premium rate is multiplied by each $1,000 of insurance in force on your life to compute the amount of premium due.

#### Table of Annual Premium Rates For Each $1,000 of Insurance

| Age on Each Policy Anniversary | Annual Premium Rate For Tobacco Users | Annual Premium Rate For Non-Tobacco Users |
|---|---|---|
| Under 35 | $ 2.80 | $ 1.40 |
| 35 - 39 | 4.80 | 2.40 |
| 40 - 44 | 6.80 | 3.40 |
| 45 - 49 | 8.80 | 4.40 |
| 50 - 54 | 11.80 | 5.90 |
| 55 - 59 | 16.80 | 8.40 |
| 60 - 64 | 23.80 | 11.90 |
| 65 - 69 | 23.80 | 11.90 |

If the member applicant does not have a valid airman's medical certificate at the time he or she applies for this insurance, his or her premium rate determined from the table above will be doubled.

### Can you pay a premium after the date it is due?

Yes, you can pay the premium during the 31-day grace period immediately following the due date. Your premium payment, however, must be received in our home office or by our authorized agent within the 31-day grace period. Your life will continue to be insured during this 31-day grace period. If you die during this grace period and before the premium is paid, we will deduct the premium due from the proceeds of this certificate. This 31-day grace period does not apply to the first premium payment.

### What happens if a premium is not paid before the end of the grace period?

If a premium is not paid before the end of the 31-day grace period, your certificate will lapse and no further premium payments may be made. You may within 3 years of the date your certificate lapsed ask us to

reinstate this certificate to a premium paying basis. We will require:

(1) your request to reinstate the certificate;
(2) evidence satisfactory to us of your insurability;
(3) payment of all past due premiums on this certificate; and
(4) payment of 6% interest compounded annually on all past due premiums.

Our determination of your continued insurability and the payment of all past due premiums with interest must occur during your lifetime.

## Payment of Proceeds

### When will the death proceeds be paid?

The proceeds of this certificate are payable if we receive proof satisfactory to us that you died while this certificate was in force. All payments by us are payable at our home office. Proof of any claim under this policy must be submitted in writing to our home office.

The proceeds will be paid in a single sum. We will pay interest on the proceeds from the date of your death until the date of payment. Interest will be at an annual rate determined by us.

## Beneficiary

### To whom do we pay the proceeds?

We will pay the proceeds to the beneficiary or beneficiaries who are named in your application unless you subsequently change the beneficiary. In that event, we will pay the proceeds to the beneficiary named in your last change of beneficiary request as provided for in this certificate.

### What happens if the beneficiary dies before you?

If a beneficiary dies before you, that beneficiary's interest in this certificate ends with that beneficiary's death. Only those beneficiaries who survive you will be eligible to share in the proceeds. If no beneficiaries survive you, we will pay the proceeds according to the following order of priority:

(1) your spouse if living; otherwise
(2) the executors or administrators of your estate.

### Can you change the beneficiary?

Yes. If you have reserved the right to change a beneficiary, you can file a written request with us to change the beneficiary. If you have not reserved the right to change the beneficiary, the written consent of the irrevocable beneficiary will be required.

Your written request will not be effective until it is recorded in our home office records. After it has been so recorded, it will take effect as of the date you signed the request. However, if you die before the request has been

Ed. F. 51938 Rev. 1-99

ACCELERATED BENEFITS
CERTIFICATE SUPPLEMENT

The Minnesota Mutual Life Insurance Company • 400 Robert Street North • St. Paul, Minnesota 55101-2098 • 1-800-252-5152

Benefits received under this Accelerated Benefits Certificate Supplement may be taxable. You should seek assistance from a personal tax advisor prior to requesting an accelerated payment of death benefits.

## General Information

This certificate supplement is subject to every term, condition, exclusion, limitation, and provision of your certificate unless otherwise expressly provided for herein.

### What does this supplement provide?

This supplement provides for the accelerated payment of either the full or a partial amount of an insured's death benefit provided under your certificate. If an insured has a terminal condition as defined in this supplement, you may request an accelerated payment of the applicable death benefit.

## Definitions

### accelerated benefit

The amount of the death benefit we will pay if the insured is eligible under this supplement.

### death benefit

The amount of the insured's insurance as shown on the application attached to your certificate, except as outlined in the Death Benefit Reductions and Exclusions sections of your certificate.

### immediate family

Your spouse, children, parents, grandparents, grandchildren, brothers and sisters, and their spouses.

### insured

For purposes of this supplement, an insured member or an insured spouse of that member.

### physician

An individual who is licensed to practice medicine or treat illness in the state in which treatment is received. This does not include you or a member of your immediate family.

## Terminal Condition

### What is a terminal condition?

A terminal condition is a condition caused by sickness or accident which directly results in a life expectancy of twelve months or less.

### What evidence do we require of the insured's terminal condition?

We must be given evidence that satisfies us that the insured's life expectancy, because of sickness or accident, is twelve months or less. That evidence must include certification by a physician.

### Do we have the right to obtain independent medical verification?

Yes. We retain the right to have the insured medically examined at our own expense to verify the insured's medical condition. We may do this as often as reasonably required while accelerated benefits are being considered or paid.

## Payment of Accelerated Benefit

### How do we calculate the accelerated benefit?

We will multiply the death benefit by the accelerated benefit factor to determine the accelerated benefit available.

### How do we calculate the accelerated benefit factor?

The accelerated benefit factor will be stated as a percentage of the insured's death benefit. When we calculate this factor, we will consider the insured's age and gender.

We will also base our calculation on certain assumptions, which we may change from time to time, including but not limited to assumptions about:

(1) expected future premiums; and
(2) future dividends at the scale in effect when we make our calculation; and
(3) the insured's life expectancy.

### Is there a processing charge?

Yes. We will subtract a processing charge of up to $150 from the accelerated benefit before we pay that benefit.

### What are the conditions for the payment of an accelerated benefit?

We will consider the payment of an accelerated benefit, subject to all of the following conditions:

(1) coverage must be in force and all premiums due must be fully paid; and
(2) application must be made in writing and in a form which is satisfactory to us. We will tell you what form is required; and
(3) you must be the sole owner of the certificate; and
(4) the insured's insurance must not have an irrevocable beneficiary.

# Aircraft Owners and Pilots Association

## Quarterly Cost For Each $50,000

Rates are double if you don't have a valid Airman's Medical Certificate

| | Under 35 | 35-39 | 40-44 | 45-49 | 50-54 | 55-59 | 60-64 |
|---|---|---|---|---|---|---|---|
| Tobacco | $49.50 | $62.50 | $8.50 | $114.50 | $153.50 | $218.50 | $309.50 |
| Non-Tobacco | $24.50 | $31.00 | $44.00 | $ 57.00 | $ 76.50 | $109.00 | $154.50 |

**DUPLICATE**

## It's Easy To Apply!

**NAME AND ADDRESS**

STEPHEN W LATHAM
823 BROCK AVE
NEW BEDFORD MA 02744-2350

1) Complete your personal application form below. If spouse coverage is desired, be sure your spouse completes the application on the reverse side.

2) Mail your application in the envelope provided.

3) If you elect premium payments by credit card, be sure to write your card number on your application.

4) If you have further questions regarding this insurance, call toll-free 1-888-TRY-AOPA (879-2672).

---

Please type or print all information

### Member Application
Underwritten by Minnesota Mutual Life

**626007**

**SELECT THE INSURANCE PLAN YOU WANT:**

☒ $25,000 ☐ $50,000 ☐ $75,000 ☐ $100,000 ☐ $200,000 ☐ $250,000 ☐ Other

| BIRTHDATE | HEIGHT | WEIGHT | OCCUPATION | TELEPHONE NO. | POLICY NUMBER |
|---|---|---|---|---|---|
| mo 08 / day 14 / year 50 | 5'10" | 220 | FUNERAL DIRECTOR | (970) 663-4431 | 23344-002 |

**MEMBERSHIP NUMBER** 00972109-0

**BENEFICIARY** PATRICIA A. YOUNG  **RELATIONSHIP** FIANCEE

☒ **DIRECT BILLING** Please bill ☒ Quarterly ☐ Semi-annually ☐ Annually

☐ **CREDIT CARD** (monthly only)* Charge to my ☐ AOPA VISA ☐ VISA ☐ AOPA MASTERCARD ☐ MASTERCARD

**Policy Anniversary** JUNE-~ **EFFECTIVE DATE** JUNE-1-1999

**CREDIT CARD ACCOUNT NO.** | **EXPIRATION DATE**

*Credit card billing is not available in Alabama.

| | | | | | |
|---|---|---|---|---|---|
| ☐ Yes ☒ No | 1. Do you currently have a valid Airman's Medical Certificate? | | ☐ Yes ☒ No | 2. During the past 12 months, have you used tobacco in any form? | |
| ☒ Yes † ☐ No | 3. During the last three years, have you been hospitalized or have you consulted a physician or other health care provider for any reason? | | ☒ Yes † ☐ No | 4. Have you ever been treated for or advised that you had any of the following: heart, lung, nervous, kidney or liver disorder; high blood pressure; drug abuse including alcohol; cancer or tumor; AIDS, or any disorder of your immune system; diabetes? | |

† If your answer to #3 or #4 is yes, give the dates, reason for consultation, names and address of doctors and/or hospitals, the diagnosis if known, and the treatment below.

10/97 - SCOTT J HENDERSON MD 480 HAWTHORN ST SOUTH DARTMOUTH MA 02747 - HYPERTENSION

The answers above are true and complete to the best of my knowledge and belief. To determine my insurability, I authorize any medical practitioner or institution, insurance company or the Medical Information Bureau to give any information about my physical and mental health, including alcohol or drug use or underwriting claims, medical or other representatives of The Minnesota Mutual Life Insurance Company ("Company"), St. Paul, Minnesota 55101-2098.

This authorization shall be valid for 30 months from the date this application is signed. A photocopy shall be as valid as the original. I have read this Authorization and the Consumer Privacy Notice which was provided, and understand that I may receive copies. The Company shall incur no liability until this application is approved and the first premium is paid while my health and other conditions affecting my insurability are as described on this application. By signing below, I apply for this insurance and agree to the terms of the Credit Card Authorization on the reverse side. I understand that fees may be paid by the insurer in connection with this coverage to the sponsor of this plan and/or its affiliate or designate.

**SIGNATURE OF APPLICANT** X *Stephen W. Latham*  **DATE** 3 / 24 / 99

Spouse Application on reverse side.

After you have completed the application, please fold and insert it into the envelope provided.

**APPROVED JW**
APR 28 1999

ATTN LC-3752
AOPA MEMBERS LIFE INSURANCE PLAN
400 ROBERT ST N
ST PAUL MN 55101-9988

# Consumer Privacy Notice

In addition to the information requested on this application, the Company may ask for the following at no cost to you:

An insurance medical exam or laboratory tests; medical records from your doctor, hospital, or your insurance company; an investigative consumer report, but only with your permission; a report from the Medical Information Bureau, a non-profit membership organization of life insurance companies which operates an information exchange on behalf of its members.

The Company (or its reinsurers) may make a brief report of this information to the Medical Information Bureau. If you apply to another Bureau member company for life or health insurance coverage, or a claim for benefits is submitted to such a company, the Bureau, upon request, will supply such company with the information in its file.

The Company may also send information about you to the following persons or organizations without your permission:

To insurance organizations for statistical studies without identifying you; To a government agency involved in regulation of insurance; The Company may also send the results of your insurance exam to your doctor.

You have certain rights in connection with this insurance application. You or your authorized representative, have this right:

To request a personal interview in connection with the preparation of an investigative consumer report; To find out what personal information is contained in the Company or Medical Information Bureau files; To correct or amend information in the Company or Medical Information Bureau files; To know the specific reasons why coverage is not issued.

At your request, the Company will explain in writing, how you can exercise your right to learn what is in your file, how to correct or amend it, or how to find out why coverage is not issued. For information about the Medical Information Bureau, you may contact: Medical Information Bureau Information Office, P.O. Box 105, Essex Station, Boston, Massachusetts 02112. (MIB telephone number: (617) 426-3660).

For further information about your file or your rights, you may contact:

Group Division Underwriting
Minnesota Mutual Life Insurance Company
400 Robert Street North
St. Paul, Minnesota 55101-2098

## Spouse Application
### Underwritten by Minnesota Mutual Life

| NAME: (Last, First, Middle) | | POLICY NUMBER 23344 | |
| --- | --- | --- | --- |
| ADDRESS (Street, City, State, Zip) | | | |
| AMOUNT OF INSURANCE APPLIED FOR | BIRTHDATE | HEIGHT | WEIGHT | OCCUPATION | TELEPHONE NO. |
| BENEFICIARY | | RELATIONSHIP | | | MEMBERSHIP NUMBER |

☐ **DIRECT BILLING**
Please bill ☐ Quarterly ☐ Semi-annually ☐ Annually

☐ **CREDIT CARD (monthly only)**
Charge to my ☐ AOPA VISA ☐ AOPA MASTERCARD
☐ VISA ☐ MASTERCARD

| CREDIT CARD ACCOUNT NO. | EXPIRATION DATE |
| --- | --- |

*Credit card billing is not available in Alabama.

☐ Yes ☐ No  1. Do you currently have a valid Airman's Medical Certificate?

☐ Yes ☐ No  3. During the last three years, have you been hospitalized or have you consulted a physician or other health care provider for any reason?

☐ Yes ☐ No  2. During the past 12 months, have you used tobacco in any form?

☐ Yes ☐ No  4. Have you ever been treated for or advised that you had any of the following: heart, lung, nervous, kidney or liver disorder; high blood pressure; drug abuse including alcohol; cancer or tumor; AIDS, or any disorder of your immune system; diabetes?

† If your answer to #3 or #4 is yes, give the dates, reason for consultation or hospitalization and eligible physicians, and the treatment below.

The answers above are true and complete to the best of my knowledge and belief. To determine my insurability, I authorize any medical practitioner or institution, insurance company or the Medical Information Bureau to give any information about my physical and mental health, including alcohol or drug abuse, to underwriting, claims, medical or other representatives of The Minnesota Mutual Life Insurance Company ("Company"), St. Paul, Minnesota 55101-2098.

This authorization shall be valid for 30 months from the date this application is signed. A photocopy shall be as valid as the original. I have read this authorization and the Consumer Privacy Notice which was provided, and understand I may receive copies. The Company shall incur no liability until this application is approved and the first premium is paid while my health and other conditions affecting my insurability are as described on this application. By signing below, I apply for this insurance...

SIGNATURE OF APPLICANT
X _____

MAR 30 1999

**The following applies to credit card billing:**

I authorize The Minnesota Mutual Life Insurance Company to initiate charges equal to the insurance premium to my credit card account indicated and request that such amount be remitted to Minnesota Mutual Life, provided that such account has not expired or is not over limit or otherwise invalid. This authorization will remain in effect until written notice to the contrary is received by Minnesota Mutual Life at its home office in St. Paul, Minnesota, provided, however that any notice received by Minnesota Mutual Life on or after the twentieth day of any calendar month will not take effect until the second following monthly premium due date.

DUPLICATE

PROFESSIONAL ASS'N PLANS

MINNESOTA MUTUAL LIFE                    FILM IDENTIFICATION TAG

**MINNESOTA MUTUAL**
400 Robert Street North  •  St. Paul, Minnesota 55101-2098


**GROUP LEVEL TERM LIFE INSURANCE  •  INCREASING PREMIUMS**

## MINNESOTA LIFE

**BENEFICIARY CHANGE REQUEST**

Minnesota Life Insurance Company • 400 Robert Street North • St. Paul, Minnesota 55101-2098

| POLICY NUMBER | INSURED | |
|---|---|---|
| 23344-002-628007 | *** STEPHEN W. LATHAM *** | **ROUTE TO:** |
| INSURED'S TELEPHONE NUMBER | COPY TO | LC-4393 |
| X ( 978 ) 663-4421 | | |

STEPHEN W LATHAM
(NAME)

15 MCHUGH AVE
(ADDRESS)

BILLERICA MA 01821
(STATE, CITY, ZIP)

☑ New Address?

DUPLICATE

### INSTRUCTIONS:

1. PRINT (OR TYPE) IN THE SPACE BELOW, THE FULL NAME, RELATIONSHIP TO THE INSURED, ADDRESS, AND SOCIAL SECURITY NUMBER OF EACH BENEFICIARY TO BE NAMED.
2. Use one set of forms for each policy.
3. Completed form should be signed by policyowner.
4. Should you have any questions, please call toll-free, 1-800-232-5152, extension 4393.

   THIS FORM WILL BE RETURNED FOR ATTACHMENT TO YOUR POLICY. DO NOT SEND YOUR POLICY.

A class 1, 2, 3, etc., determines the order in which beneficiaries become eligible to receive death proceeds. Surviving beneficiaries in any class share equally unless otherwise specified. "Children," used without modification, includes only lawful bodily issue of first generation and legally adopted person. Right is reserved to revoke and change any beneficiary not designated irrevocable. Any policy requiring policy endorsement is waived. This designation, when acknowledged by The Company at its Home Office, is in lieu of endorsement.

Name beneficiaries by class, 1, 2, 3, etc., in order of their eligibility to receive payment. For example, class 2 beneficiaries collect only if class 1 beneficiaries have died. Any beneficiaries to share funds would read the same class number.

| CLASS | BENEFICIARY NAME (Full Given Name) RELATIONSHIP TO INSURED | ADDRESS | SOCIAL SECURITY # |
|---|---|---|---|
| | PATRICIA A. LATHAM, Wife, 15 McHugh Avenue, Billerica, MA 01821 | | 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 |
| | | | |
| | | | |
| | | | |

SIGNATURE

POLICYOWNER'S SIGNATURE
X _Stephen W. Latham_ DATE X 6/25/1999

FOR INSURANCE COMPANY USE ONLY
MINNESOTA LIFE INSURANCE COMPANY
BY _Chrissy Bennett_ REGISTRAR

DATE RECEIVED
DATE MAILED 3-22-99

COPY APPLY

19127.DOC ATTACH THIS ACKNOWLEDGEMENT TO YOUR POLICY.

MINNESOTA MUTUAL LIFE

**FILM IDENTIFICATION TAG**

THIS DOCUMENT IS CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL

Minnesota Life Insurance Company
Group Division Claims
P.O. Box 64114
St. Paul, MN 55164-0114
FOR CLAIM INFORMATION CALL:
Toll Free 1.800.328.9442
MN Local 651.665.3615

*EXHIBIT "C"*

**MINNESOTA LIFE**

*A Minnesota Mutual Company*

November 28, 2000

KENNETH AINSLEY
ATTORNEY AT LAW
P O BOX 48
FAIRHAVEN MA  02719

RE:  POLICY  #  23344
     CLAIM   #  581-135
     DECEASED    Stephen W. Latham

Dear Mr. Ainsley:

We have completed our investigation for the death claim submitted on Stephen Latham I am writing to you as we are unable to consider payment of benefits under this policy. When Mr. Latham applied for this insurance on March 24, 1999, he answered the following health questions:

2.  During the past 12 months, have you used tobacco in any form?

3.  During the last three years, have you been hospitalized or have you consulted a physician or other health care provider for any reason?

4.  Have you ever been treated for or advised that you had any of the following:  heart, lung, nervous, kidney or liver disorder; high blood pressure; drug abuse including alcohol; cancer or tumor; AIDS, or any disorder of your immune system; diabetes?

The application instructed Mr. Latham to provide dates, reason for consultation, names and addresses of doctors and/or hospitals, the diagnosis if known, and the treatment if question #3 or #4 are answered "yes".

Mr. Latham answered these questions "Yes" but disclosed only Dr. Scott Henderson, hypertension and 10/97 as the consultation date.  He answered "No" to question #2.

F. 31797 Rev 10-1998

Kenneth Ainsley
November 28, 2000
Page 2

In April 1999, our underwriting area followed up with Mr. Latham for more information regarding his treatment of hypertension. Again, the only doctor Mr. Latham provided to us was Dr. Henderson. Based on the information we were provided, Mr. Latham's coverage was approved.

We have learned through our investigation that Mr. Latham was hospitalized along with being seen and treated by other physicians. We now understand that he was hospitalized from January 8, 1998 to January 22, 1998 for pulmonary hypertension and right ventricular failure with massive fluid retention. The discharge summary report states "Mr. Latham is discharged to rehabilitation facility where he will complete his diuresis and work on further physical therapy in an effort to obtain the necessary physical condition to be evaluated for pulmonary transplant." Mr. Latham was seen on February 25, 1998 with a problem list including, Cirrhosis secondary to alcohol abuse, currently abstinent, History of obesity, History of a DVT in the left leg 31/2 years ago, subsequently has been on coumadin, History of atrial fibrillation, History of pulmonary hypertension with massively enlarged central pulmonary arteries. Records indicate that on February 10, 1999, Mr. Latham was noted to be in atrial fibrillation and there is a complete right bundle branch block type pattern.

Also, records indicate that Mr. Latham was seen by Dr. Landzberg on July 8, 1998. At that time Mr. Landzberg indicates that he had a long discussion with Mr. Latham with regard to the long term natural history of "populations" of patients with pulmonary hypertension, portal hypertension, cirrhosis, ...continued education and learning with regard to potentials of therapies including continuous intravenous Prostacyclin as well as other investigational therapies. In a visit dated October 7, 1998, Dr. Landzberg indicated that Mr. Latham is fully aware of all potential therapies including continuous intravenous prostacyclin, heroic organ transplantation and other investigational therapies that we offer here and elsewhere.

After careful consideration, we have determined that if this additional information had been available to our underwriters at the time they were considering Mr. Latham's application for this insurance, they would decline to insure him. Therefore, we regret that we must deny liability for this claim and return the premiums paid.

Kenneth Ainsley
November 27, 2000
Page 3


Enclosed is our check made payable to Patricia A. Latham for $171.00 representing a refund of premiums paid for this insurance. By accepting this check, she will have agreed to release us from any and all liability resulting from Mr. Latham's death.

Mr. Ainsley, if you have any questions or additional information you wish us to review, please feel free to submit them or you may contact our office at the toll free number, 1-800-328-9442.

Sincerely,

Patricia Nickolaus

Patricia Nickolaus
Examiner - Group Claims


Enclosure

*EXHIBIT "D"*



## KENNETH T. AINSLEY

ATTORNEY AT LAW

P.O. BOX 48
FAIRHAVEN, MASSACHUSETTS 02719
TELEPHONE (508) 999-2999

December 19, 2000

Ms. Patricia Nickolaus
Examiner - Group Claims
Minnesota Life Insurance Co.
P.O. Box 64114
St. Paul, MN  55164-0114

> RE: Policy No. 23344
>     Claim No. 581-135
>     Deceased: Stephen W. Latham

Dear Ms. Nickolaus:

As you know, I represent Patricia A. Latham, widow of Stephen W. Latham, the named beneficiary of the above-referenced life insurance policy.

I acknowledge receipt of your letter dated November 28, 2000 denying payment of benefits under the said policy. Mrs. Latham would like additional information as to the basis of denial of the claim and cannot agree to release the Minnesota Life Insurance Company (the "insurer") from any further liability under the policy at this time. Accordingly, your check #6471652 in the amount of $171.00 and representing premiums paid for the policy is herewith returned to be held pending further review of this matter.

A review of your letter of November 28, 2000 and a copy of Mr. Latham's application for insurance makes clear that upon application, Mr. Latham did disclose that he had been hospitalized or consulted a physician and been treated for, or advised that he had one or more major disorders. Moreover, he provided the name of his doctor, Scott Henderson, M.D., believed by Mrs. Latham to have been her husband's primary care physician at that time and aware of his medical condition. Since your denial of this claim is based on an allegation that the insurer lacked adequate information about Mr. Latham's medical condition, I request that you provide me with the following:

1.    A summary of the actions undertaken by the insurer to investigate the nature and extent of Mr. Latham's medical conditions prior to the issuance of the life insurance policy;

2.    Copies of any correspondence with Mr. Latham subsequent to the submission of his application for insurance, including but not limited to, the insurer's request to Mr. Latham in April, 1999 for additional medical information and his response; and

Ms. Patricia Nickolaus
December 19, 2000
Page 2

    3.  Copies or records of any correspondence or communication by or between the insurer and Scott Henderson, M.D., together with copies of any medical records provided to the insurer in connection therewith, prior to the issuance of the life insurance policy.

    Further, as set forth on the Death Claim Information Request form submitted to you, Mr. Latham was hospitalized on August 21, 2000 for treatment of seizures which were the apparent result of a head injury suffered in consequence of a fall on stairs at his home. He was thereafter transferred to Brigham and Women's Hospital where he died on September 11, 2000. In view of these circumstances, please provide me with a summary of any investigation undertaken by the insurer to determine whether the cause of Mr. Latham's death was accidental.

    The denial of this claim by the insurer imposes a significant hardship upon Mrs. Latham. In order that we may promptly conduct a further review of this matter, please forward all information requested hereinabove to me at the above letterhead address as soon as possible.

    Thank you.

Very truly yours,

Kenneth T. Ainsley

Kenneth T. Ainsley

Enc.
cc: Mrs. Patricia A. Latham

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Patricia Nickolaus
Examiner - Group Claims
Minnesota Life Ins. Co.
P.O. Box 64114
St. Paul, MN
    55164-0114

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) B. Date of Delivery

C. Signature
X _____ Kychinski___  ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
  ☒ Certified Mail  ☐ Express Mail
  ☐ Registered  ☐ Return Receipt for Merchandise
  ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Copy from service label)
  7099 3400 0005 8834 9249

PS Form 3811, July 1999    Domestic Return Receipt    102595-99-M-1789

| POLICYHOLDER | DATE OF CHECK | INSURED | | | FC | CLAIM NO. |
|---|---|---|---|---|---|---|
| AOPA | 11/28/2000 | STEPHEN W LATHAM | | | | 0581135 |
| LOAN/ACCOUNT NO. | INSURANCE AMT. | INT. RATE | INTEREST | CHECK AMOUNT | | BENEFIT DATE |
| | 0.00 | 4.90 | 0.00 | 171.00 | | |

***THIS CHECK REPRESENTS A REFUND OF PREMIUM PAID BEYOND THE DATE OF DEATH.
**MF

CHECK NO. 6471652

To Cash,
Detach Check Here

Please keep this stub for your records

MINNESOTA LIFE

Minnesota Life Insurance Company
400 Robert Street North
St. Paul, MN 55101-2098

usbank
U.S. Bank N.A.
East Grand Forks, Minnesota
24 hour banking 1-800-US BANKS

To Cash,
Detach Check Here

FIRM NO.    DATE OF CHECK    POLICY NO.    UNIT NO.    FILE NO.    CLAIM NO.

DC9006    11/28/2000    0023144    100    0000000000000    0581135

One Hundred Seventy-One and No/100 Dollars

PAY TO THE ORDER OF    PATRICIA A LATHAM

MAIL TO:

KENNETH AINSLEY
ATTORNEY AT LAW
PO BOX 46
FAIRHAVEN, MA 02719

EXAMINE THIS AMOUNT
******171.00

VOID IF NOT PRESENTED FOR
PAYMENT WITHIN 90 DAYS

⑅6471652⑅ ⑆091259972⑆ 152417000272⑇

EXHIBIT "E"

# KENNETH T. AINSLEY

ATTORNEY AT LAW

P.O. BOX 48
FAIRHAVEN, MASSACHUSETTS 02719
TELEPHONE (508) 999-2999

August 6, 2004

Ms. Nancy Brinkman, Claim Specialist
Group Claims
Minnesota Life Insurance Co.
P.O. Box 64114
St. Paul, MN  55164-0114

     RE: <u>Massachusetts General Laws Chap. 93A</u>
        <u>Demand Letter Prior to Suit Concerning Denial of Claim</u>
        Policy No. 23344
        Claim No. 581-135
        Deceased: Stephen W. Latham

Dear Ms, Brinkman:

    I represent Mrs. Patricia A. Latham of Billerica, Massachusetts ("Mrs. Latham"), the named beneficiary of the above-referenced policy of life insurance. Mrs. Latham is the widow of Stephen W. Latham ("Latham"). Latham, the named insured under the said policy, died on September 11, 2000. This will constitute a formal demand on Minnesota Life Insurance Co. (the "company") pursuant to Mass. Gen. L. chap. 93A for relief in connection with the denial of Mrs. Latham's claim for payment of the policy proceeds after Latham's death.

    Generally, notwithstanding disclosure of prior medical treatment and disorders set forth by Latham on his application for life insurance, the company approved his application on April 28, 1999 without requiring him to first undergo a medical examination. The life insurance became effective on June 1, 1999. Following Latham's death, the company denied Mrs. Latham's claim for payment of the policy proceeds alleging failure by Latham to disclose the specific medical problems which preceded his application for insurance and which were discovered by the company subsequent to his death. Mrs. Latham avers that by approving Latham's application for insurance without requiring a medical examination or conducting a reasonable investigation of the disclosures set forth thereon, the subsequent denial of her claim by the company constitutes an unfair or deceptive act or practice in the business of the sale and provision of life insurance, as a result of which Mrs. Latham has suffered substantial damage.

    Specifically, by his application dated March 24, 1999, Latham applied for life insurance coverage underwritten by the company in the amount of $25,000.00. Following directions set forth on the single page application under the heading "It's Easy to Apply", Latham furnished personal information including his birthdate, height, weight, selected coverage in the amount of $25,000.00, designated his beneficiary, and chose a quarterly premium payment option. Latham then responded to four questions as follows:

Ms. Nancy Brinkman, Claim Specialist
August 6, 2004
Page 2

    1. Do you currently have a valid Airman's Medical Certificate?
In response, Latham checked "no".

    2. During the past 12 months, have you used tobacco in any
form?  In response, Latham checked "no".

    3. During the last three years, have you been hospitalized or
have you consulted a physician or other health care provider for
any reason?  In response, Latham checked "yes".

    4. Have you been treated for or advised that you had any of
the following: heart, lung, nervous, kidney or liver disorder; high
blood pressure, drug abuse including alcohol; cancer or tumor;
AIDS, or other disorder of your immune system; diabetes?    In
response, Latham checked "yes".

The application then directed that "if your response to #3 or #4 is
yes, give the dates, reason for consultation, names and addresses
of doctors and/or hospitals, the diagnosis if known, and the
treatment below.  In the single line width space provided for
reply, Latham wrote: 10/97 - Scott J. Henderson, M.D., 480 Hawthorn
St. North Dartmouth, MA 02747 - hypertension.  Dr. Henderson was
Latham's primary care physician at that time and had treated him
for various problems since at least January, 1991 according to
medical records supplied by the physician's office.

    Latham then signed and dated the application, In so doing, and
pursuant to notice that he was doing so "to determine his
insurability", Latham gave authorization to any medical
practitioner or institution, insurance company of the Medical
Information Bureau to give any information about his physical or
mental health, including alcohol or drug abuse, to underwriting,
claims or other representatives of the company.

    Following Latham's response to the company's subsequent
request for additional information regarding high blood pressure,
his application for life insurance was approved on April 28, 1999
without requiring him to submit to a medical examination.  The
effective date of insurance was June 1, 1999.

    After notice to the company of Latham's death on September 11,
2000, Mrs. Latham was notified by letter of the company's intention
to review the claim in relation to the incontestable provision in
the policy, to consist of a review of Latham's past medical history
to verify the information obtained in the application for
insurance.  The letter stated that this was a routine investigation
done on all claims of this type.  Pursuant thereto, and at the
company's request, Mrs. Latham completed a Death Claim Information
Request form.  The form which, in contrast to the application for
insurance, lacks any premium or marketing information, provides

Ms. Nancy Brinkman, Claim Specialist
August 6, 2004
Page 3

adequate space to list the names and addresses of three treating
physicians and two hospitals, separate columns and spaces to list
the dates and reasons for treatment, and notes that if additional
space is needed, that the reverse side of the form should be used.
It also includes an authorization to release medical and non-
medical information to the company by a host of individuals and
agencies.

In apparent contrast to the procedure followed upon its
receipt of Latham's application for insurance, the company
requested and apparently obtained medical records from some of
Latham's medical treatment providers. By letter dated, November
28, 2000, the company notified Mrs. Latham through her attorney,
that its investigation disclosed that Latham had a 'history of
hospitalizations and medical treatment for numerous medical
problems, which preceded his application for life insurance. In
the same letter, the company denied liability for Mrs. Latham's
claim for the policy proceeds therein noting that "after careful
consideration, we have determined that if this additional
information had been available to our underwriters at the time they
were considering Mr. Latham's application for insurance, they would
decline to insure him".

Mrs. Latham believes that in fact, all information relied upon
by the company in connection with its denial of her claim was
available at the time of its review and approval of Latham's
application for insurance. By his responses to the questions
pertaining to his medical condition, he disclosed to the company
that he had been treated for, or advised that he had, disorders
including those discovered by the company in its investigation
following his death. Specific information relating to the
disclosures was easily obtainable by the company from Latham's
primary care physician, whose address he supplied, using the
authorization to release medical information provided by Latham for
the company's use in order to determine his insurability.
Notwithstanding the ease with which it might have done so and
despite the lack of specificity sought by the questions set forth
on its own application for insurance, apart from a request for
information to Latham pertaining to high blood pressure, the
company apparently declined to make any further investigation as to
the nature or severity of Latham's medical problems prior to its
approval of his application for life insurance.

In Massachusetts, action by an insurer to contest a life
insurance policy issued without a medical examination is decided
pursuant to Mass. Gen. L. chap. 175, s. 124, the purpose of which
is to raise the burden of proof that an insurer must sustain when
it contests a life insurance policy issued without such an
examination. Protective Life Insurance Company vs Dennis J.
Sullivan & others, 425 Mass. 615, 623 (1997). In its review of the

Ms. Nancy Brinkman, Claim Specialist
August 6, 2004
Page 4

legislative history of the statute, the Massachusetts Supreme
Judicial Court in the Protective Life decision included a quotation
from the Thirty-fourth Annual Report of the Insurance Commissioner
in 1889 wherein the Commissioner wrote: "It is the business of the
company to ascertain whether lives presented for insurance are
impaired; and, if it chooses to waive any pretence of an
examination to test this vital question, the responsibility should
be on itself." Id. at 624. The court thereafter noted that the
purpose of the statute's enactment was to curb perceived unfair
practices by insurance companies by making it more difficult to
contest insurance policies issued without medical examinations. Id.
at 625.

In view of the foregoing, Mrs. Latham believes that Latham's
pre-existing medical conditions cited by the company as the basis
for its denial of her claim, were either disclosed by Latham on his
application for insurance or reasonably available to the insurer
upon inquiry and which it failed to consider, despite the statement
of its intention to do so in connection with its determination of
his insurability. She avers that the company's subsequent denial
of her claim for payment of the policy proceeds amounts to a breach
of its duty of good faith and fair dealing, implied in every
contract under Massachusetts law and constitutes an unfair or
deceptive practice in the conduct of its business in the nature of
that noted by the Court as a basis for the enactment of Mass. Gen.
L. chap. 175, sec. 124. Id. Unfair or deceptive acts or practices
in the conduct of business are unlawful under Mass. Gen. L. chap.
93A. As a result of the company's conduct herein described, Mrs.
Latham has suffered the loss of the policy proceeds in the amount
of $25,000.00.

Mrs. Latham demands that you pay to her the sum of $25,000.00,
being the amount of the policy proceeds and the actual damages
suffered. Under Mass. Gen. L. chap. 93A, s. 9 the company has
thirty days to make a tender of relief that is reasonable in
relation to Mrs. Latham's actual damages set forth herein. Failure
to make such a tender of relief may subject the company to an award
of damages up to three times, but no less than two times, the
actual damages suffered, plus costs and attorneys fees in a
subsequent civil action to recover the said proceeds.

Very truly yours,

Kenneth T. Ainsley

Certified Mail #7002 2410 0005 5813 8181
Return Receipt Requested

**U.S. Postal Service**
**CERTIFIED MAIL . RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

SAINT PAUL, MN 55164

| | | |
|---|---|---|
| Postage | $ | 0.60 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.65 |

UNIT ID: 0719

Postmark Here

Clerk: KIB8R6Y

08/06/04

Sent To  MS. NANCY BRINKMAN, CLAIM SPECIALIST
MINNESOTA LIFE INS. CO.
Street, Apt. No.; or PO Box No.  P.O. Box 64114
City, State, ZIP+4  ST. PAUL, MN 55164-0114

PS Form 3800, June 2002          See Reverse for Instructions

7002 2410 0005 5613 8181

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. NANCY BRINKMAN
CLAIM SPECIALIST
MINNESOTA LIFE INS. CO.
P.O. BOX 64114
ST. PAUL, MN
55164-0114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                               □ Agent
                                □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)   7002 2410 0005 5613 8181

PS Form 3811, February 2004     Domestic Return Receipt      102595-02-M-1540

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Patricia A. Latham v. Minnesota Life Insurance Company

FILED
IN CLERKS OFFICE

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

2005 FEB 14 A 11: 28

U.S. DISTRICT COURT
DISTRICT OF MASS

☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES ☐    NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☑    NO ☐

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☑    Central Division ☐    Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME John D. Shea  BBO#600652

ADDRESS 1900 Market Street, Philadelphia, PA 19103

TELEPHONE NO. (215) 665-2000

(Coversheetlocal.wpd - 10/17/02)

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

FILED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| PATRICIA A. LATHAM | THE MINNESOTA LIFE INSURANCE COMPANY |

2005 FEB 14 A 11:28

U.S. DISTRICT COURT
DISTRICT OF MASS

**(b)** County of Residence of First Listed Plaintiff  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marc R. Deshaies, Perry, Kicks, Crotty and Deshaies, LLP
388 County Street, New Bedford, MA 02740 (508) 996-8291

Attorneys (If Known)
Catherine A.T. Nelson COZEN O'CONNER
222 S. Riverside Plaza, Ste. 1500, Chicago, IL 60606 (312) 382-3100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Removal Pursuant to Title 28 U.S.C. Sections 1331, 1441 and 1446.

Brief description of cause:
Plaintiff alleges breach of contract for failure to pay benefits under insurance policy.

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 25,000.00, treble damages and attorney Fes. | CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 02/11/2005 | |

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|