IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PATRICIA A. LATHAM, )
     Plaintiff, )
 )
vs. ) Case No.: 05-CV-10294-RWZ
 )
THE MINNESOTA LIFE INSURANCE )
COMPANY, )
     Defendant. )

## ANSWER

MINNESOTA LIFE INSURANCE COMPANY ("Minnesota Life"), by it's attorney's COZEN O'CONNOR, answers Plaintiff's Complaint as follows:

### PARTIES

1.  Plaintiff, Patricia A. Latham ("Mrs. Latham") is an individual who resides at 15 McHugh Avenue in Billerica, Massachusetts.

**ANSWER:**

On information and belief, Minnesota Life admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  Defendant, The Minnesota Life Insurance Company ("Minnesota Life") is a Minnesota Life Insurance Company with a usual place of business at 400 Robert St., St. Paul, Minnesota.

**ANSWER:**

Minnesota Life admits that it is an insurance company incorporated in the State of Minnesota whose principal place of business is in St. Paul, Minnesota. Minnesota Life denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

### FACTS

3.  On March 24, 1999, Stephen W. Latham ("Mr. Latham") submitted an application for insurance from the Aircraft Owners and Pilots Association and underwritten by Minnesota

Life to Minnesota Life for a $25,000 life insurance policy on his life. A copy of that application is attached hereto as Exhibit "A."

**ANSWER:**

Minnesota Life admits that Mr. Latham signed and dated an application for insurance on March 24, 1999, a copy of which is attached as Exhibit A to Plaintiff's Complaint. Minnesota Life denies the remaining allegations contained in the Paragraph 2 to Plaintiff's Complaint.

4. The life insurance application annexed hereto as Exhibit "A" requested Mr. Latham answer four (4) questions regarding his health: (1) did he have a valid Airmen's Medical Certificate; (2) had he consulted a physician within the last three years for any reason; (3) whether he used tobacco; and (4) had he ever been treated for a number of medical conditions. Mr. Latham answered the questions no, yes, no and yes respectively.

**ANSWER:**

The insurance application attached as Exhibit "A" to Plaintiff's Complaint speaks for itself and, therefore, Minnesota Life denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Mr. Latham's application clearly disclosed the name and address of his primary care physician who had been treating him for hypertension for a period of time commencing prior to the date he signed his application for insurance to be underwritten and insured by Minnesota Life.

**ANSWER:**

The insurance application attached as Exhibit "A" to Plaintiff's Complaint speaks for itself and, therefore, Minnesota Life denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Mr. Latham completed his application in good faith disclosing that he had been consulting a physician or been hospitalized within three years of his application and that he also had been treated for any number of medical conditions.

2

**ANSWER:**

The insurance application attached as Exhibit "A" to Plaintiff's Complaint speaks for itself and, therefore, Minnesota Life denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.    Mr. Latham's application contained a thirty (30) month medical records release authorization for the benefit of Minnesota Life to determine Mr. Latham's insurability.

**ANSWER:**

The insurance application attached as Exhibit A to Plaintiff's Complaint speaks for itself and, therefore, Minnesota Life denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    Minnesota Life approved Mr. Latham's application for life insurance on or about April 28, 1999.

**ANSWER:**

Minnesota Life admits that Mr. Latham's application for life insurance was approved. Minnesota Life denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.    Minnesota Life issued a Certificate of Insurance bearing a policy number 23344-002-626007 in response to Mr. Latham's application (the "Policy"). Mr. Latham commenced paying premiums on the policy and did so during his life. The face amount of the policy is $25,000. A copy of the policy is attached hereto as Exhibit "B."

**ANSWER:**

Minnesota Life admits that it issued a certificate of insurance under No. 23344-002-626007 to Mr. Latham, a copy of which is attached to Plaintiff's Complaint as Exhibit "B". The face amount on the Policy is $25,000.00. Minnesota Life has insufficient information to admit or deny the remaining allegations contained in Paragraph 9 and, therefore, denies the same.

10. Minnesota Life issued the Policy on the life of Stephen W. Latham without requiring a medical examination of Mr. Latham.

**ANSWER:**

Minnesota Life admits that it issued a certificate of insurance to Mr. Latham under No. 23344-002-626077 based upon the responses contained in his application for life insurance. Minnesota Life denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Minnesota Life has contested its obligation to pay death benefits on the life of Mr. Latham to Mrs. Latham because his death occurred within two years of the policy's issuance.

**ANSWER:**

Minnesota Life admits that it has denied Plaintiff's claim for benefits. Minnesota Life denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Mrs. Latham is the sole beneficiary under the Policy.

**ANSWER:**

Minnesota Life admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Mr. Latham died on September 11, 2000.

**ANSWER:**

On information and belief, Minnesota Life admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Mrs. Latham submitted a claim for death benefits on the policy by claim dated September 23, 2000.

**ANSWER:**

Minnesota Life admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Minnesota Life denied the claim on November 28, 2000, and sent Mrs. Latham a check in the amount of $171.00 for reimbursement for premium paid on the Policy. A copy of the denial is attached hereto as Exhibit "C."

**ANSWER:**

Minnesota Life admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Mrs. Latham, through counsel, returned the premium check to Minnesota Life thereby reserving her right to contest Minnesota Life's denial of her claim for death benefits. A copy of said tender by Minnesota Life of its premium reimbursement is attached hereto as Exhibit "D."

**ANSWER:**

Minnesota Life admits that Plaintiff's counsel returned a $171.00 check to Minnesota Life, which is attached to Plaintiff's Complaint as Exhibit "D". Minnesota Life denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Minnesota Life's denial of Mrs. Latham's claim for death benefits is based on the fact, that if Mr. Latham had provided additional medical information to them in his application appended hereto as Exhibit "A," Minnesota Life would have declined coverage.

**ANSWER:**

Minnesota Life admits that it denied Plaintiff's claim for benefits. Minnesota Life denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Minnesota Life failed to utilize the medical authorization release executed by Mr. Latham in his said application until after his death; notwithstanding the fact that his application disclosed that he had been hospitalized and treated by a physician within 3 years of his application for any number of medical conditions and provide the insurer with his physician's name and address.

**ANSWER:**

Minnesota Life denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Minnesota Life failed to medically examine Mr. Latham to determine his insurability notwithstanding the answers he provided on this application that directly bear on his insurability.

**ANSWER:**

Minnesota Life denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Minnesota Life has failed to assert that any statements made in Mr. Latham's application were willfully false, fraudulent or misleading.

**ANSWER:**

Minnesota Life denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Mrs. Latham reasserted her claim for the payment of the death benefits under the Policy, when her counsel made a demand for payment in a Chapter 93A demand letter dated August 6, 2004.

**ANSWER:**

Minnesota Life admits the Plaintiff has made a claim for benefits. Minnesota Life denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Minnesota Life has failed to respond to Mrs. Latham's demand for payment as set forth in the August 6, 2004 Chapter 93A demand letter referred to in the preceding Paragraph.

**ANSWER:**

Minnesota Life denies the allegations contained in Paragraph 22 of Plaintiff's Complaint. Minnesota Life further answers that no response to Plaintiff's August 6, 2004 letter was required based upon its good faith decision to deny the claim as set forth in its November 28, 2000 letter to Plaintiff, which is attached to Plaintiff's Complaint as Exhibit "C", and by its refund of premium payments in the amount of $171.00 to Plaintiff.

## COUNT I
## Breach of Contract

23. Plaintiff, Patricia A. Latham repeats the allegations set forth in Paragraph 1 through 22 as though the same were fully set forth herein.

**ANSWER:**

Minnesota Life reasserts its Answers to Paragraphs 1 through 22 in response to Paragraph 23 of Plaintiff's Complaint.

24. Mr. Latham tendered performance under the contract for the life insurance policy on his life by paying the premium on that policy.

**ANSWER:**

Paragraph 24 of Plaintiff's Complaint calls for a legal conclusion and, therefore, Minnesota Life denies the allegations contained therein.

25. Minnesota Life has breached the contract by refusing to pay the death benefit claim to Patria A. Latham.

**ANSWER:**

Paragraph 25 of Plaintiff's Complaint calls for a legal conclusion and, therefore, Minnesota Life denies the allegations contained therein.

**WHEREFORE**, Minnesota Life prays for judgment in its favor and against the Plaintiff plus costs of suit and any such other relief as this Court deems proper.

## COUNT II
## M.G.L. c.93A

26. Plaintiff, Patricia A. Latham, repeats the allegations contained in Paragraph 1 through 22 as though the same were fully set forth herein.

**ANSWER:**

Minnesota Life reasserts its Answers to Paragraphs 23 through 25 in response to Paragraph 26 of Plaintiff's Complaint.

27. Mrs. Latham sent a demand letter in accordance with M.G.L. c93 A to Minnesota Life in the form attached hereto as Exhibit "E."

**ANSWER:**

Paragraph 27 of Plaintiff's Complaint calls for a legal conclusion and, therefore, Minnesota Life denies the allegations contained therein.

28. Minnesota Life failed to respond or make an offer of settlement in response to Mrs. Latham's M.G.L. Chapter 93A demand letter.

**ANSWER:**

Minnesota Life denies the allegations contained in the Paragraph 28 of Plaintiff's Complaint.

29. Minnesota Life has engaged in unfair claims settlement practices under G.L.c.176D §3(9) by failing to effect prompt, fair and equitable settlements in claims in which liability has become clear and by compelling that litigation be commenced to recover amounts due under an insurance policy.

**ANSWER:**

Paragraph 29 of Plaintiff's Complaint calls for a legal conclusion and, therefore, Minnesota Life denies the allegations contained therein.

30. Minnesota Life's unfair settlement practices are violations of the Massachusetts Consumer Protection Law, M.G.L. c.93A.

**ANSWER:**

Paragraph 30 of Plaintiff's Complaint calls for a legal conclusion and, therefore, Minnesota Life denies the allegations contained therein.

**WHEREFORE,** Minnesota Life prays for judgment in its favor and against the Plaintiff plus costs of suit and any such other relief as this Court deems proper.

DATED: February 18, 2005.

Respectfully Submitted,

MINNESOTA LIFE INSURANCE COMPANY

By: _____
One of its Attorneys

8

John D. Shea
BBO 600652
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000
Fax:    (215) 665-2013
JShea@Cozen.com

Catherine A.T. Nelson, Esq.
Leena Soni, Esq.
Of Counsel
Cozen O'Connor
222 South Riverside Plaza
Suite 1500
Chicago, IL 60606
Phone: (312) 382-3172
Fax:    (312) 382-8910
CNelson@Cozen.com
LSoni@Cozen.com

333739v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the foregoing Answer was served via regular mail, postage pre-paid, on the 18th day of February 2005 on the following counsel of record:

Marc R. Deshaies
BBO#550198
388 County Street
New Bedford, MA 02740
508.996.8921

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA A. LATHAM, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-CV-10294-RWZ |
| | ) |
| THE MINNESOTA LIFE INSURANCE | ) |
| COMPANY, | ) |
|     Defendant. | ) |

FILED IN CLERKS OFFICE
2005 FEB 22  P 3: 17
U.S. DISTRICT COURT
DISTRICT OF MASS

## NOTICE OF FILING ANSWER

To:    Marc R. Deshaies
       BBO#550198
       388 County Street
       New Bedford, MA 02740

PLEASE TAKE NOTICE that Defendant Minnesota Life Insurance Company has caused to be filed the attached Answer with the Clerk of the United States District Court for the District of Massachusetts, a copy of which is attached and hereby served upon you.

DATED: February 18th 2005

                                 MINNESOTA LIFE INSURANCE COMPANY

                                 By: _____
                                      One of its Attorneys

John D. Shea
BBO 600652
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000
Fax:   (215) 665-2013
E-Mail: JShea@Cozen.com

Catherine A.T. Nelson, Esq.
Leena Soni, Esq.
Of Counsel
Cozen O'Connor
222 South Riverside Plaza
Suite 1500
Chicago, IL 60606
(312) 382-3100
cnelson@cozen.com
lsoni@cozen.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the foregoing Notice of Filing Answer was served via regular main, postage pre-paid, on the 18th day of February 2005 on the following counsel of record:

Marc R. Deshaies
BBO#550198
388 County Street
New Bedford, MA 02740
(508)996-8921

CHICAGO1\334242\1 159988.000